UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LINDA A. GRAVELY, | ) |
|     Plaintiff, | ) |
| v. | ) Civil Action No.: 07-1895 (HHK) |
| W. SCOTT RAILTON,<br>    Chairman,<br>    Occupational Safety and<br>    Health Review Commission, | ) |
|     Defendant. | ) |

## DEFENDANT'S ANSWER

Defendant, identified in Plaintiff's Complaint as W. Scott Railton, Chairman, Occupational Safety and Health Review Commission, by and through undersigned counsel, hereby answers the numbered paragraphs of Plaintiff's Complaint as follows:

## FIRST DEFENSE

The Complaint contains certain claims upon which relief may not be granted.

## SECOND DEFENSE

Defendant reserves the right to amend its Answer should facts learned in discovery so warrant. Defendant also reserve the right to assert any other matter that constitutes an avoidance or affirmative defense under Fed. R. Civ. P. 8©.

THIRD DEFENSE

Defendant denies each and every allegation in the Complaint except as may be expressly and specifically admitted.  Defendant responds to the separately numbered paragraphs and prayers for relief as follows:

1. Insofar as a response is required, deny.

2. Averments of jurisdiction require no response.

3. Averments of jurisdiction require no response.

4. Averments of jurisdiction require no response.

5. Admit that Plaintiff is an African American female United States citizen over the age of 40. Admit that Plaintiff was employed by the U.S. Occupational Safety and Health Review Commission (hereinafter "Review Commission") at its offices in Washington, D.C.  Admit that Plaintiff was hired as a Writer, GS-1082-09 on August 27, 1978; promoted on June 29, 1980 to Public Information Specialist, GS-1035-11; on September 20, 1981 to Supervisory Public Information Specialist GS-1035-12; on January 29, 1989 to Public Affairs Specialist/Records Management Officer GS-1035-13; on September 26, 1999 to Public Affairs Specialist GS-1035-14; and reclassified to Public Affairs Specialist GS-1035-12 on September 18, 2005.

6. Admit that W. Scott Railton was designated by the President of the United States as Chairman of the Review Commission in September 2002.  The United States Congress confirmed his appointment on July 31, 2003. Former Chairman Railton's term expired April 27, 2007.  The Review Commission is an independent federal agency.

7. Review Commission is without sufficient information or belief to either admit or deny the allegations contained in this paragraph.

8. Admit that Plaintiff was hired as a Writer, GS-1082-09 on August 27, 1978; promoted on June 29, 1980 to Public Information Specialist, GS-1035-11; on September 20, 1981 to Supervisory Public Information Specialist GS -1035-12; on January 29, 1989 to Public Affairs Specialist/Records Management Officer GS-1035-13; on September 26, 1999 to Public Affairs Specialist GS-1035-14; reclassified to Public Affairs Specialist GS-1035-12 on September 18, 2005.  Remaining allegations are vague.  Review Commission is without sufficient information or belief to either admit or deny the remaining allegations contained in this paragraph.

9. From 1978-2006, eight different chairmen led the Review Commission. Admit that Plaintiff was hired as a Writer, GS-1082-09 on August 27, 1978; promoted on June 29, 1980 to Public Information Specialist, GS-1035-11; on September 20, 1981 to Supervisory Public Information Specialist GS -1035-12; on January 29, 1989 to Public Affairs Specialist/Records Management Officer GS-1035-13; on September 26, 1999 to Public Affairs Specialist GS-1035-14; and reclassified to Public Affairs Specialist GS-1035-12 on September 18, 2005. Review Commission is without sufficient information or belief to either admit or deny the remaining allegations contained in this paragraph.

10. Admit Review Commission awarded Plaintiff a Quality Step Increase ("QSI") on August 30, 1987 and September 11, 1988.  Review Commission is without sufficient information or belief to either admit or deny the remaining allegations contained in this paragraph.

11. Admit Plaintiff served as a Freedom of Information Act ("FOIA") officer and records management officer during her tenure at the Review Commission. Review Commission is without sufficient information or belief to either admit or deny the remaining allegations contained in this paragraph.

12. Admit that W. Scott Railton was designated by the President of the United States as Chairman of the Review Commission in September 2002. The United States Congress confirmed his appointment on July 31, 2003. Former Chairman Railton's term expired April 27, 2007.

13. Review Commission is without sufficient information or belief to either admit or deny the allegations contained in this paragraph.

14. Review Commission is without sufficient information or belief to either admit or deny the allegations contained in this paragraph.

15. Admit that former Chairman Railton authorized a study of the Review Commission by Federal Management Partners ("FMP"). Review Commission is without sufficient information or belief to either admit or deny the allegations contained in the remainder of this paragraph.

16. Review Commission is without sufficient information or belief to either admit or deny the allegations contained in this paragraph.

17. Review Commission is without sufficient information or belief to either admit or deny the allegations contained in this paragraph.

18. Review Commission is without sufficient information or belief to either admit or deny the allegations contained in this paragraph.

19. Review Commission is without sufficient information or belief to either admit or deny the allegations contained in this paragraph.

20. Review Commission is without sufficient information or belief to either admit or deny the allegations contained in this paragraph.

21. Review Commission is without sufficient information or belief to either admit or deny the allegations contained in this paragraph.

22. Review Commission is without sufficient information or belief to either admit or deny the allegations contained in this paragraph.

23. Review Commission is without sufficient information or belief to either admit or deny the allegations contained in this paragraph.

24. Review Commission is without sufficient information or belief to either admit or deny the allegations contained in this paragraph.

25. Review Commission is without sufficient information or belief to either admit or deny the allegations contained in this paragraph.

26. Review Commission is without sufficient information or belief to either admit or deny the allegations contained in this paragraph.

27. Review Commission is without sufficient information or belief to either admit or deny the allegations contained in this paragraph.

28. Review Commission is without sufficient information or belief to either admit or deny the allegations contained in this paragraph.

29. Deny.

30. Admit former Chairman Railton wrote, "It's a surprise after the years you have been here that you still do not know what we do." Deny Plaintiff's characterization of quoted comment. Remaining allegations are vague. Review Commission is without sufficient information or belief to either admit or deny the remaining allegations contained in this paragraph.

31. Deny that defendant conducted "unreasonable and excessive scrutiny of Plaintiff's work" as alleged. Review Commission is without sufficient information or belief to either admit or deny the remaining allegations contained in this paragraph.

32. Admit former Chairman Railton wrote, "Is this response suppose (sic) to be a joke?" Review Commission is without sufficient information or belief to either admit or deny the remaining allegations contained in this paragraph.

33. Admit that Plaintiff's voice is not currently on the Review Commission voice mail system. Review Commission is without sufficient information or belief to either admit or deny the remaining allegations contained in this paragraph.

34. Review Commission is without sufficient information or belief to either admit or deny the allegations contained in this paragraph.

35. Review Commission is without sufficient information or belief to either admit or deny the allegations contained in this paragraph.

36. Review Commission is without sufficient information or belief to either admit or deny the allegations contained in this paragraph.

37. Admit Review Commission responded to a Freedom of Information Act ("FOIA") request from Nathaniel Baccus, III, plaintiff's counsel. Admit Review Commission provided

Nathaniel Baccus, III a redacted copy of the Federal Management Partners ("FMP") study and not a copy of the second study. Deny the remaining allegations of this paragraph.

38. Deny.

39. Admit that Richard Loeb served as former Chairman Railton's Legal Counsel and Special Advisor, ES-0905.   Review Commission is without sufficient information or belief to either admit or deny the remaining allegations contained in this paragraph.

40. Review Commission is without sufficient information or belief to either admit or deny the allegations contained in this paragraph.

41. Review Commission is without sufficient information or belief to either admit or deny the allegations contained in this paragraph.

42. Review Commission is without sufficient information or belief to either admit or deny the allegations contained in this paragraph.

43. Review Commission is without sufficient information or belief to either admit or deny the allegations contained in this paragraph.

44. Review Commission is without sufficient information or belief to either admit or deny the allegations contained in this paragraph.

45. Review Commission is without sufficient information or belief to either admit or deny the allegations contained in this paragraph.

46. Admit that on or about the spring of 2005, Richard Loeb instructed Plaintiff not to talk with print media reporters.  Deny the remaining allegations.

47. Admit that Plaintiff's duties as the Review Commission's Freedom of Information Act ("FOIA") officer were transferred to the Office of the General Counsel on October 1, 2005.

Deny the remaining allegations.

48. Admit that on September 18, 2005, the position Plaintiff occupied was reclassified to a GS-1035-12 in accordance with 5 U.S.C. § 5104, Classification Standards established by the U.S. Office of Personnel Management, and pursuant to specific guidance from the U.S. Office of Personnel Management. Deny the remaining allegations.

49. Admit the following performance evaluation appraisals for Plaintiff: Outstanding performance rating for August 1, 1997 - July 31, 1998; Outstanding performance rating for August 1, 1998 - July 31, 1999; Outstanding performance rating for November 16, 1999 - July 31, 2000; Outstanding performance rating for September 22, 2000-July 31, 2001; Exceeds Fully Successful rating for October 1, 2001 - September 30, 2002; Exceeds Fully Successful rating for February 5, 2003 - September 30, 2003; Fully Successful rating (Rebutted) for December 10, 2003 - September 30, 2004; Minimally Successful rating (Rebutted) for October 1, 2004 - December 31, 2005. Review Commission is without sufficient information or belief to either admit or deny the allegations contained in this paragraph.

50. Admit that Review Commission rated Element Number 7 as Minimally Successful on Plaintiff's evaluation for December 10, 2003 - September 30, 2004. Review Commission is without sufficient information or belief to either admit or deny the remaining allegations contained in this paragraph.

51. Review Commission is without sufficient information or belief to either admit or deny the allegations contained in this paragraph.

52. Admit that Plaintiff's duties as the Review Commission's Freedom of Information Act ("FOIA") officer were transferred to the Office of the General Counsel on October 1, 2005.

Admit that on September 18, 2005, the position Plaintiff occupied was reclassified to a GS-1035-12 in accordance with 5 U.S.C. § 5104, Classification Standards established by the U.S. Office of Personnel Management, and pursuant to specific guidance from the U.S. Office of Personnel Management. Review Commission is without sufficient information or belief to either admit or deny the remaining allegations contained in this paragraph.

53. Review Commission is without sufficient information or belief to either admit or deny the allegations contained in this paragraph.

54. Admit that Plaintiff contacted Review Commission's Equal Employment Opportunity counselor on September 14, 2005. Admit the Review Commission's Equal Employment Opportunity counselor was an assistant to former Chairman Railton at that time. Deny the remaining allegations.

55. Admit the Review Commission received a Freedom of Information Act ("FOIA") appeal dated January 11, 2006 and another dated March 1, 2006 from Plaintiff's attorney, Nathaniel Baccus, III. Deny the remaining allegations.

56. Admit that Plaintiff's performance appraisal period was extended for 90 days to be October 1, 2004 - December 31, 2005, and was issued on January 18, 2006 with a Minimally Successful rating. Deny the remaining allegations.

57. Admit that, in March 2005, Richard Loeb started working at the Review Commission while on detail from the Office of Management and Budget as Special Assistant and Counsel to the Chairman. The Review Commission hired Mr. Loeb on September 18, 2005. Deny Mr. Loeb was ever Plaintiff's immediate level supervisor. Admit Mr. Loeb was Plaintiffs second level supervisor from October 2, 2005 through Plaintiffs retirement from the Review

Commission on May 16, 2006. Deny the remaining allegations.

58. Admit Plaintiff never signed the performance appraisal issued on January 18, 2006, and submitted a rebuttal to Review Commission on March 10, 2006. Admit Plaintiff contacted Review Commission's Equal Employment Opportunity counselor on February 3, 2006 via memorandum. Review Commission is without sufficient information or belief to either admit or deny the remaining allegations contained in this paragraph.

59. Admit the Review Commission issued Plaintiff a notice of a proposed three day suspension on January 19, 2006 for intentionally intercepting and mishandling a sensitive document addressed to the Chairman of the Review Commission. Review Commission is without sufficient information or belief to either admit or deny the remaining allegations contained in this paragraph.

60. Admit Plaintiff's office was near the front reception desk. Remaining allegations are vague. Review Commission is without sufficient information or belief to either admit or deny the remaining allegations contained in this paragraph.

61. Admit Plaintiff's attorney requested to review documents and information on which the proposed suspension was based. Deny that Review Commission refused to make such file available to Plaintiffs attorney. Review Commission is without sufficient information or belief to either admit or deny the remaining allegations contained in this paragraph.

62. Admit that former Chairman Railton and Counsel Alan G. Paez met with Plaintiff and her attorney on February 21, 2006 regarding the proposed suspension. Admit that, on March 13, 2006, former Chairman Railton issued a written reprimand in lieu of a proposed suspension for intentionally intercepting and mishandling a sensitive document addressed to the Chairman of

the Review Commission.  Deny remaining allegations of this paragraph..

63.  Admit that Review Commission notified Plaintiff in writing on March 15, 2006 of the abolishment of the position she occupied.  Review Commission is without sufficient information or belief to either admit or deny the remaining allegations contained in this paragraph.

64.  Admit neither study called for the abolishment of the position Plaintiff occupied.  . Review Commission is without sufficient information or belief to either admit or deny the remaining allegations contained in this paragraph.

65.  Deny.

66.  Deny.

67.  Deny.

68.  Deny.

69.  Review Commission is without sufficient information or belief to either admit or deny the allegations contained in this paragraph.

70.  Deny.

71.  Deny.

72.  Deny.

73.  Deny.

74.  Deny.

75.  Deny.

76.  Deny allegations of hostile and volatile work environment. Review Commission is without sufficient information or belief to either admit or deny the remaining allegations

contained in this paragraph.

77. Deny.

78. Deny..

79. Deny.

80. Deny.

81. Review Commission's answers to paragraphs 1-80 are incorporated by reference herein.

82. Deny.

83. Deny.

84. Deny.

85. This paragraph calls for legal conclusions which defendant is not required to admit or deny.  Defendant admits only that plaintiff sought counseling and filed the described complaint on the stated dates.

86. Admit.

87. This paragraph calls for legal conclusions which defendant is not required to admit or deny.

88. This paragraph calls for legal conclusions which defendant is not required to admit or deny.

89. Review Commission's answers to paragraphs 1-80 are incorporated by reference herein.

90. Deny

91. Deny

92. This paragraph calls for legal conclusions which defendant is not required to admit or deny. Defendant admits only that plaintiff sought counseling and filed the described complaint on the stated dates.

93. Admit

94. Admit.

95. This paragraph calls for legal conclusions which defendant is not required to admit or deny.

96. Review Commission's answers to paragraphs 1-80 are incorporated by reference herein.

97. Deny.

Each and every allegation not specifically admitted, denied, or otherwise qualified, stands denied. In response to plaintiff's demand for remedies, defendant is not entitled to any relief whatsoever. Any relief would be limited by 42 U.S.C. 2000e-5(g)(2)(B).

WHEREFORE, having fully answered, Defendant respectfully requests that this action be dismissed and that the Court grant such other relief as it deems appropriate.

Dated: March 11, 2008.

        Respectfully submitted,

        ___/s_/_____
        JEFFREY A. TAYLOR, D.C. BAR #498610
        United States Attorney


        __/s/_____
        RUDOLPH CONTRERAS, D.C. BAR #434122
        Assistant United States Attorney

         \_\_/s/_____
ALEXANDER D. SHOAIBI, D.C. BAR #423587
Assistant United States Attorney
555 Fourth Street, N.W., Rm E-4818
Washington, D.C.  20530
(202) 514-7236

## CERTIFICATE OF SERVICE

    I hereby certify that on this  11th  day of March, 2008, I caused the foregoing **Defendant's Answer** to be served on Plaintiff's counsel, postage prepaid, addressed as follows:

**Nathaniel Baccus, III, Esq.**
**1629 K Street, NW, Suite 300**
**Washington, DC 20006**

                                /s/
                            ALEXANDER D. SHOAIBI
                            Assistant United States Attorney