UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **LINDA A. GRAVELY,** ) | |
| ) | |
| Plaintiff, ) | **C. A. No.: 07-1895 (HHK)** |
| ) | |
| v. ) | |
| ) | |
| **W. SCOTT RAILTON, Chairman, Occupational** ) | |
| **Safety and Health Review Commission,** ) | |
| ) | |
| Defendant. ) | |
| ) | |
| ) | |

**LOCAL RULE 16.3 REPORT**

The parties provide this report to the Court in accordance with Local Rule 16.3, and the Court's Order for Initial Scheduling Conference.

This is an action by plaintiff seeking redress for unlawful employment practices and retaliation by the Occupational Safety and Health Review Commission in violation of Title VII of the Civil Rights Act of 1964, as amended, and the Civil Rights Act of 1991, as amended. Plaintiff maintains that she was subjected to discrimination, a hostile work environment, and retaliated against for speaking out against discriminatory action by defendant. Plaintiff seeks declaratory and injunctive relief, back pay, compensatory damages and other appropriate relief. Defendant denies any discrimination or retaliation.

1. <u>Dispositive Motion</u>:   The Complaint was filed on October 19, 2007. The Answer was filed on March 11, 2008. To date no dispositive motions have been filed. However, defendant believes this case may be disposed of by dispositive motion after discovery.

2. <u>Joinder, Amendments, Narrowing of Issues</u>:   The parties do not

anticipate joinder of other parties or the filing of amended pleading at this time, but reserve the right to modify this position should the results of initial disclosure and/or discovery warrant such joinder/amendment.  The parties are not, at this time, able to determine whether factual and/or legal issues can be agreed upon or narrowed and agree that such a determination cannot be made until discovery has been conducted.

    3. Magistrate judge: The parties do not agree to assignment to a magistrate judge for any purposes.

    4. Possibility of Settlement: The parties believe there is a possibility of settlement.

    5. Alternative Dispute Resolution:   The parties are of the opinion that the case could benefit from mediation.

    6. Motions:  Defendant believes this case will be suitable for a summary judgment motion at the close of discovery.  Motions should be filed within forty-five days of the close of discovery.  Oppositions should be filed thirty days thereafter and replies filed within fifteen days of the oppositions.

    7. Initial Disclosures:  The parties agree to dispense with initial disclosures.

    8. Discovery: The parties agree to allow 120 days for discovery.  Plaintiff anticipates the need for nine depositions and defendant anticipates the need for no more than seven depositions for each side.  Both parties agree on 33 interrogatories, and 25 document requests apiece.  No unusual discovery issues are anticipated. The parties reserve the right to request additional interrogatories and depositions upon a showing of good cause.

9. <u>Experts</u>:  The parties anticipate the need for expert witnesses with regard to medical and economic issues.

10. <u>Class Actions</u>:  N/A.

11.-13.  <u>Trial</u>:  The parties do not request a bifurcated trial.  They propose that a pretrial date be set at the close of all discovery, and after the resolution of any final dispositive motion, and that a trial date be scheduled within 60 days after the pretrial conference date.

Respectfully submitted,

_____//_____
NATHANIEL BACCUS, III
D.C. Bar #355800
1629 K Street, NW, Suite 300
Washington, D.C. 20006
Washington, DC 20006
(202) 349-1688

Counsel for Plaintiff

_____//_____
JEFFREY A. TAYLOR, D.C. Bar #498610
 United States Attorney

_____//_____
 RUDOLPH CONTRERAS, D.C. Bar #434122
 Chief, Civil Division

ALEXANDER D. SHOAIBI, D.C. Bar #423587
Assistant United States Attorney
Civil Division
555 4th Street, NW
Room 4218E
Washington, DC 20530
(202) 514-7236

Counsel for Defendant

3